IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LUVEN WHITEHORSE,
    Petitioner,

vs.                                  Case No. 5:11cv307/RS/CJK

UNITED STATES OF AMERICA, et al.,
    Respondents.

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). Respondent filed an answer, submitting relevant portions of the record in petitioner's underlying criminal case and collateral proceedings. (Doc. 8). Petitioner has replied (doc. 9) and filed several motions, variously titled, but seeking the same relief – release from prison. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner has not demonstrated entitlement to proceed under § 2241, and that his petition should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, a federal inmate confined at the Federal Correctional Institution in Marianna, Florida, is currently serving a sentence imposed by the United States

District Court for the District of Utah ("Utah District Court") in *United States v. Whitehorse*, Case Number 2:03cr00306. (Doc. 8, Ex. 3). In Case No. 2:03cr00306, petitioner entered a counseled guilty plea to two counts of Aggravated Sexual Abuse of Minor While in Indian Country. (*Id*.). Petitioner was adjudicated guilty and sentenced on February 12, 2004, to 188 months imprisonment followed by supervised release. (*Id*.). Petitioner did not take a direct appeal.

Petitioner later filed four motions under 28 U.S.C. § 2255 in the Utah District Court, seeking to set aside his conviction and sentence. (Doc. 8, Exs. 4, 6, 8). Petitioner's first § 2255 motion was dismissed on June 10, 2005, as time-barred. *Whitehorse v. United States of America*, No. 2:05cv00234 (D. Utah June 10, 2005) (copy at Doc. 8, Ex. 5). Petitioner's second § 2255 motion was dismissed on September 15, 2005, as an unauthorized second or successive § 2255 motion. *Whitehorse v. United States of America*, No. 2:05cv702, 2005 WL 2265238 (D. Utah Sept. 15, 2005) (copy at Doc. 8, Ex. 7). Petitioner's third § 2255 motion was dismissed on April 21, 2009, as an unauthorized second or successive § 2255 motion. *Whitehorse v. United States of America*, No. 2:09cv273, 2009 WL 1066276 (D. Utah Apr. 21, 2009) (copy at Doc. 8, Ex. 9). Petitioner's motion for a certificate of appealability was denied. *Whitehorse v. United States of America*, No. 2:09cv273, 2009 WL 2767662 (D. Utah Aug. 28, 2009); *United States v. Whitehorse*, 354 F. App'x 317 (10th Cir. 2009) (copy at Doc. 8, Ex. 13). Petitioner's fourth § 2255 motion was dismissed on May 10, 2012, as an unauthorized second or successive § 2255 motion. *Whitehorse v. United States of America*, No. 2:12cv443, 2012 WL 1656329 (D. Utah May 10, 2012).

Petitioner initiated this habeas corpus proceeding on September 6, 2011, by

filing a § 2241 petition. Petitioner challenges his conviction for aggravated sexual abuse on four grounds, all of which stem from the same underlying argument – that petitioner's conviction and sentence are void because the United States has no constitutional or statutory authority to criminally prosecute members of the Navajo Nation. (Doc. 1, pp. 3-5).[1] As relief, petitioner seeks the following:

> Relief is that the Treaty of the Navajo be enforced and my case remand [sic] and writ to Secretary of Interior for Indian Affairs, Commissioner of Indian Affairs, in Washington D.C. for a final administrative decision, also to be parded [sic] and transfer [sic] to the Navajo Nation Jurisdiction. To reverse custody, and any decision made by Indian Commissioner is the same authority of U.S. President, this case needs further proceedings.

(*Id*., p. 6).

## DISCUSSION

The <u>execution</u> or carrying out of an initially valid confinement is generally the sole issue in a § 2241 action, as attacks on the <u>validity</u> of a conviction or sentence

---

[1]Petitioner's claims are:

1. "Custody is unlawful, in violation of statutory exemption for Intratribal Crimes, Navajo Nation Treaty of 1868, Bad Men Clauses Article 6 Cl. 2 of U.S. Constitution."

2. "Custody unlawful, in violation of Fifth and Fourteenth Amendment of U.S. Constitution" because it "runs afoul" of various principles of civil rights law, corporate law, international trade law, etc.

3. "In custody unlawfully, in violation of 25 U.S.C. § 1301, § 1302, § 1303, Indian Civil Rights Act, and Navajo Constitution."

4. "Custody unlawful in violation of Eighth Amendment and of the Navajo Constitution and 25 U.S.C. § 1301, § 1302 cruel and unusual punishment."

(Doc. 1, pp. 3-5).

must be asserted on direct appeal or under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981)[2] ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."). Direct review of a federal conviction and sentence is obtained by filing a notice of appeal in the underlying criminal case.  A collateral attack on the validity of a federal conviction or sentence is brought by filing a motion under 28 U.S.C. § 2255 in the court of conviction.  *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  Section 2255 permits a federal prisoner to file a habeas petition under § 2241, but only under very limited circumstances.  28 U.S.C. §§ 2241(a), 2255.  Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).  The italicized language, known as the "savings clause," allows habeas corpus review of a claim, but only when:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  The savings clause applies

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

only if the petitioner has satisfied all three elements. *Id.* This showing is significant, because a prisoner does not "open the portal" to a § 2241 proceeding until he has demonstrated that the savings clause applies to him. *Id.* at 1244 n. 3; *McGhee*, 604 F.2d at 10. ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner."). The unavailability of relief under § 2255 because of a statute of limitations bar, the prohibition against a second or successive § 2255 motion, or a procedural bar, does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford*, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005) ("A petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241.").

Here, petitioner's claims are § 2255 claims, because petitioner challenges the validity of his conviction and sentence as imposed, not how his sentence is being executed. Petitioner has made no showing that his claims meet the three-prong test in *Wofford*. Petitioner merely asserts that the remedy under § 2255 is inadequate or ineffective because: "I am challenging that I am in custody illegally, which is very unlawful." (Doc. 1, p. 3). Because petitioner has not demonstrated the inadequacy of the § 2255 remedy, he should not be permitted to bring his claims by § 2241. *See, e.g,. Wofford* at 1245 (applying the *Wofford* criteria to a claim that the trial court lacked jurisdiction over petitioner's underlying criminal conviction).

Accordingly, it is respectfully RECOMMENDED:
1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241

(doc. 1) be DISMISSED with prejudice, as petitioner has not demonstrated entitlement to proceed under that section.

2.  That petitioner's pending motion to dismiss his criminal case for lack of subject matter jurisdiction (doc. 19) be DENIED.

3.  That the Clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of July, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).